UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN WHITAKER,

        Plaintiff,

v.

PEET'S COFFEE, INC.,

        Defendant.

No. C 21-07055 WHA

**ORDER GRANTING MOTION TO DISMISS**

### INTRODUCTION

In this action under Title III of the Americans with Disabilities Act, defendant moves to dismiss for lack of subject-matter jurisdiction under FCRP 12(b)(1). For the reasons that follow, the motion is **GRANTED**.

### STATEMENT

Plaintiff is a quadriplegic and uses a wheelchair (Compl. ¶ 1). In August 2021, plaintiff visited Peet's Coffee in Burlingame, California, to test its compliance with disability access law (*id*. ¶ 8). Plaintiff alleges he encountered inaccessible outdoor dining surfaces during his visit (*id*. ¶ 10–14). He further alleges that he will return to Peet's Coffee once it is in compliance with disability access law but he is currently deterred from doing so (*id.* ¶ 20).

Plaintiff has submitted a declaration and a prior order permitted a single deposition (Dkt. Nos. 16, 19). This order follows full briefing, limited discovery, oral argument, and supplemental briefing.

**ANALYSIS**

A motion under FRCP 12(b)(1) contends that the district court lacks subject-matter jurisdiction over the case.

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted). Defendant mounts a factual challenge. To resolve a factual challenge, the district court "need not presume the truthfulness of the plaintiff's allegations." *Ibid.* (citation omitted). Instead, the district court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Ibid.* (citations omitted).

1. **PLAINTIFF HAS FAILED TO ESTABLISH STANDING.**

To establish standing, an ADA plaintiff must show a "real and immediate threat of repeated injury." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867–68 (9th Cir. 2014) (citation omitted). "An ADA plaintiff establishes such a real and immediate threat if he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Ibid.* (citation omitted). However, our court of appeals does not require an ADA plaintiff to "engage in the 'futile gesture' of attempting to gain access in order to show actual injury." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002). Instead, the injury element of the Article III standing analysis "can be satisfied in ADA cases by showing that the plaintiff was deterred from attempting to visit a location or use a service because of alleged ADA noncompliance." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1092 (9th Cir. 2020); *see also CREEC v. Hospitality Properties*, 867 F.3d 1093 (9th Cir. 2017) (naming this rule the "deterrent effect doctrine"). Moreover,

> where . . . the public accommodation being sued is far from the plaintiff's home, we have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is

>located and a desire to visit the accommodation if it were made accessible.

*D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). The so-called *Harris* factors, which defendant urges that we follow, do not bear on our analysis. *See Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005).

Plaintiff lives over 360 miles away from Peet's Coffee and relies on the deterrent effect doctrine to allege standing (*see* Compl. ¶ 20; Opp. at 4–5; Whitaker Dep. at 11; RJN, Dkt. No. 15, Ex. A-2). Thus, to show imminent injury, plaintiff must demonstrate both an intent to return to the Burlingame area and a desire to visit Peet's Coffee if it were made accessible. *See D'Lil*, 538 F.3d at 1037.

Three decisions by our court of appeals illustrate what is sufficient to establish standing under the deterrent effect doctrine where the plaintiff lives far away from the alleged noncompliant facility. In *Doran v. 7-Eleven, Inc.*, 524 F. 3d 1034 (9th Cir. 2008), the plaintiff established that he was deterred from returning to a 7-Eleven that was 550 miles from his home. *Id.* at 1041. The plaintiff had visited the 7-Eleven ten to twenty times in the past, the 7-Eleven was located near his favorite restaurant in the area, and he intended to go to the area during his annual Disneyland trips. *Ibid.* Similarly, in *D'Lil*, the plaintiff, who lived in Sacramento, successfully pleaded her intent to return to the Santa Barbara area and desire to stay at a specific Santa Barbara hotel. Her declarations and testimony at an evidentiary hearing showed that she had visited Santa Barbara one to three times a year, had three specific planned upcoming trips to Santa Barbara, and had specific reasons related to the "hotel's style, price, and location" for wanting to stay at that particular hotel. 538 F.3d at 1037–39. In *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002), the plaintiff adequately alleged that he was deterred from visiting a grocery store located seventy miles from his home where he stated in his declaration that it was his favorite grocery store and that he visited the area every week to see his grandmother. *Id.* at 1035.

Here, in contrast, plaintiff has not alleged or stated any specific connection to Burlingame, any specific plan to return to Burlingame, or any specific reason to return to Peet's Coffee in Burlingame. In his declaration, plaintiff asserted that he had "been coming to Northern

3

California (Bay Area primarily) approximately twice a month for leisure and to look for areas to live" and he had a specific plan to "come to the Bay Area . . . on July 29, 2021" (Decl. ¶ 7). But July 2021 had passed before plaintiff even filed his declaration and, indeed, before his first visit to Peet's Coffee in August 2021. Moreover, in his deposition, plaintiff stated that he was not certain that he had ever visited Burlingame before his August 2021 visit and admitted that he had no "specific date in mind" to return to Burlingame in the future (Whitaker Dep. at 16, 56.) His prior assertion that he was looking for places to live near Burlingame also no longer supports his standing argument. He admitted in his deposition that he intends to move to Sacramento around October 2022 (*id.* at 13, 60–61).

Plaintiff further admitted at his deposition that he has no family or friends in Burlingame or any other specific connection to the Burlingame area (*id.* at 24–25). His only asserted reason for returning to Burlingame is that it is a "very beautiful place" where he "would like to visit and shop at in the future" (*id.* at 57–58). His only asserted reason for returning to visit Peet's Coffee is that he "enjoys their hot chocolate" (*id*. at 31). These vague, unsupported assertions are insufficient to establish a real and immediate threat of repeated injury. *See Ervine*, 753 F.3d at 867–68 (9th Cir. 2014).

This order rejects plaintiff's contention that our court of appeals lowered the standard for what plaintiffs must allege to show standing under the deterrence theory in *CREEC*, 867 F.3d 1093. There, our court of appeals held that plaintiffs had established standing by alleging they "intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA" and "will visit the hotels when the non-compliance is cured." *Id.* at 1099. However, the decision also noted that "[m]aking case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts" and cited with approval a decision from the Court of Appeals for the Eleventh Circuit that considered "prior visits, proximity of residence to store, plans for future visits, and status as an ADA tester." *Id.* at 1099 (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013)). As stated above, plaintiff is an ADA tester who lives far away from Burlingame, has no history of regularly visiting Burlingame, and has no specific plan to visit in

the future. *CREEC* does not require this order to accept plaintiff's conclusory allegations of imminent injury.

Plaintiff's ADA claim is accordingly **DISMISSED.**

### 2. THE UNRUH ACT CLAIM.

The complaint also asserts a state-law claim under California's Unruh Civil Rights Act, California Civil Code § 51. Because this order dismisses plaintiff's federal claim for lack of subject-matter jurisdiction, dismissal of the supplemental state-law claim is mandatory, not discretionary. *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

### CONCLUSION

For the foregoing reasons, this case is **DISMISSED**. Leave to amend would be futile and so this case is ready for appeal. The clerk shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: March 31, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT
JUDGE